UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AULTON DANIEL GOBEN, III,

Plaintiff,

v.

COUNTY OF KENT et al.,

Defendants.

Case No. 1:25-cv-1846

Honorable Maarten Vermaat

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. The events about which he complains occurred at the Kent County Correctional Facility (KCCF) in Grand Rapids, Michigan. Plaintiff sues **Kent County** and the following KCCF Staff: Deputy **Unknown Grounn** and Deputy **Unknown Goodson**. (Compl., ECF No. 1, PageID.2.) Defendants Grounn and Goodson are sued in both their individual and official capacities. (*Id.*)

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that in 2019, he was sentenced following a conviction for assault on a correctional facility employee. (*Id.*, PageID.3.) The conviction stemmed from an incident in which Plaintiff threw urine on a correctional officer. (*Id.*) Plaintiff claims that since that conviction, unidentified "deputies" have treated Plaintiff "differently."[2] (*Id.*)

On January 6, 2025, Plaintiff filed a complaint initiating a separate case in this Court. (*Id.*, PageID.4); Compl., *Goben v. County of Kent et al.*, No. 1:25-cv-17 (W.D. Mich. Jan. 6, 2025), (ECF No. 1). On September 2, 2025, Plaintiff was called out of his cell and the "deputy or deputies working that night" informed Plaintiff that he had received legal mail. (Compl., ECF No. 1, PageID.4.) When Plaintiff arrived at the "legal mail machine," Defendant Grounn told Plaintiff that the machine was not working so Plaintiff could not receive his mail. (*Id.*) Defendant Grounn told Plaintiff that Defendant Grounn would need to talk to a Sergeant and request permission to "grant [Plaintiff] access to [his] legal work." (*Id.*, PageID.5.) Defendant Grounn stated that he "w[ould] be back tonight or tomorrow" and that Plaintiff should receive his "legal work" then. (*Id.*)

The next day, Plaintiff filed "Reference # 26.294.806" with Defendant Goodson, who is "is in charge of operations and responsible for deputy or deputies that do not pass out their legal mail correctly." (*Id.*) On September 11, 2025, Defendant Goodson responded to Plaintiff by stating that she did not know what deputy Plaintiff was referring to and "did [Plaintiff] receive [his] mail." (*Id.*) Plaintiff alleges that Defendant Goodson did not try to find Plaintiff's legal mail or offer to help. (*Id.*) Finally, Plaintiff states that he did not "receive [his] summary judgment motion until 11/17/25." (*Id.*, PageID.6.)

---

[2] In this opinion, the Court corrects the capitalization, spelling, and punctuation in quotations from Plaintiff's complaint.

Based on the foregoing allegations, Plaintiff raises claims of First Amendment mail interference, First Amendment and Fourteenth Amendment interference with Plaintiff's right to access the courts, First Amendment retaliation, and violations of the Fourteenth Amendment Procedural Due Process Clause.[3] Plaintiff seeks monetary damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

[3] Plaintiff also asserts that Defendant Grounn discriminated against Plaintiff on the basis of Plaintiff's mental illness, violating the First, Sixth, Eighth, and Fourteenth Amendments. (Compl., ECF No. 1, PageID.5.) And, Plaintiff asserts that Defendant Goodson violated the Sixth Amendment, Eighth Amendment, and Fourteenth Amendment Equal Protection Clause. (*Id.*, PageID.6.) With respect to Defendant Grounn, besides Plaintiff's conclusory assertion, he alleges no facts to suggest that Grounn discriminated against Plaintiff due to Plaintiff's mental illness, let alone any facts to suggest that any unspecified discrimination violated Plaintiff's rights under the First, Sixth, Eighth, and Fourteenth Amendments. Without any facts showing how Defendant Grounn discriminated against Plaintiff, Plaintiff necessarily fails to state any claims under the First, Sixth, Eighth, and Fourteenth Amendments regarding this unspecified discrimination. Likewise, besides the First Amendment and Fourteenth Amendment claims against Defendant Goodson that are addressed below, Plaintiff fails to allege any facts to show that Defendant Goodson violated Plaintiff's rights under the Sixth Amendment, Eighth Amendment, and Fourteenth Amendment Equal Protection Clause. Instead, although Plaintiff lists these constitutional amendments, he fails to allege any facts to support claims under these constitutional amendments. Such conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons, these additional claims against Defendants Grounn and Goodson will be dismissed for failure to state a claim upon which relief may be granted.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Kent County and Official Capacity Claims Against Individual Defendants

Plaintiff names Kent County as a Defendant in this action, and he sues Defendants Grounn and Goodson in both their individual and official capacities. (Compl., ECF No. 1, PageID.1, 2.)

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that

government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690 n. 55). That is, an official capacity suit is to be treated as a suit against the entity itself. *Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). Therefore, if Defendants are employed by Kent County, then an official capacity suit is treated as a suit against the county itself.

Here, Plaintiff makes no allegations of a custom or policy regarding legal mail, much less that a certain custom or policy was the moving force behind his alleged constitutional injury. *See Lipman*, 974 F.3d at 747. Therefore, Plaintiff has failed to state a claim against Defendant Kent County. Similarly, because claims against individual Defendants in their official capacities are

treated as claims against the entity itself, Plaintiff has failed to state a claim against Defendants Grounn and Goodson in their official capacities. *See Graham*, 473 U.S. at 166.

Accordingly, for these reasons, Plaintiff's claims against Kent County and Plaintiff's official capacity claims against the individual Defendants will be dismissed for failure to state a claim.

**B. Claims Against Defendant Grounn**

Plaintiff alleges that Defendant Grounn did not provide Plaintiff with his legal mail. (Compl., ECF No. 1, PageID.4–5.) The Court construes this as raising a claim of mail interference under the First Amendment and interference with Plaintiff's right to access the courts under the First and Fourteenth Amendments.

**1. First Amendment Mail Interference Claims**

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Legal mail is entitled to special protections under the First Amendment. Although not all federal courts consider mail from courts to be "legal mail," *see, e.g., Martin v. Brewer*, 830 F.2d 76, 78–79 (7th Cir. 1987); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998), the Sixth Circuit does, *see Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003).

However, "isolated instances of interference with prisoners' mail" do not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson,* No. 98-3866, 2000 WL 1175519 at *2 (6th Cir. Aug. 11, 2000) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (holding that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation.")); *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated incidents" of interference with prisoners' rights do not rise

to the level of a First Amendment violation); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (stating "Okoro was only able to provide one specific incident where he allegedly did not receive the full contents of a letter from his wife. Such a random and isolated incident is insufficient to establish a constitutional violation.").

Here, Plaintiff alleges a single incident of interference with his legal mail, which occurred because "the legal mail machine" "was not working." (Compl., ECF No. 1, PageID.4–5.) This "isolated instance[] of interference" with Plaintiff's mail does not rise to the level of a constitutional violation under the First Amendment. *See Johnson*, No. 98-3866, 2000 WL 1175519 at *2 (6th Cir. Aug. 11, 2000); *Colvin*, 605 F.3d at 293. Moreover, Plaintiff's allegations suggest that it was a malfunctioning machine, and not Defendant Grounn's conduct, that was responsible for the delay in Plaintiff's receipt of this mail. (Compl., ECF No. 1, PageID.4.) In fact, Plaintiff's allegations suggest that Defendant Grounn was actively working to fix the issue. (*Id*., PageID.5.)

Accordingly, Plaintiff has failed to state a claim of First Amendment mail interference against Defendant Grounn, and the Court will dismiss that claim.

**2. First Amendment and Fourteenth Amendment Right to Access the Courts Claims**

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to nonfrivolous pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as

much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Here, Plaintiff alleges that Defendant Grounn violated Plaintiff's right to access the courts when Defendant Grounn was unable to provide Plaintiff with incoming mail sent by a court regarding an ongoing case. (Compl., ECF No. 1, PageID.4–5.) Without providing any further explanation or context, Plaintiff states that he did not "receive [his] summary judgment motion until 11/17/25." (*Id.*, PageID.6.) Plaintiff does not identify an actual injury due to his late receipt of this motion. (*See id.*)

As explained below, Plaintiff has failed to allege any actual injury that occurred as a result of that alleged interference, *see Dellis*, 257 F.3d at 511, and has not alleged any "lost remedy" as a result of Defendant Grounn's actions. *Christopher*, 536 U.S. at 416. In the complaint, Plaintiff vaguely alleges that he did not "receive [his] summary judgment motion until 11/17/25." (Compl., ECF No. 1, PageID.6.) When setting forth this allegation, Plaintiff does not specifically identify the underlying court case where he did not receive a summary judgment motion until November 17, 2025; however, earlier in Plaintiff's complaint, he references *Goben v. County of Kent et al.*, No. 1:25-cv-17 (W.D. Mich.), a prior case that Plaintiff filed in this Court. Under these circumstances, it appears that Plaintiff is referring to a summary judgment motion in *Goben v. County of Kent et al.*, No. 1:25-cv-17 (W.D. Mich.). In that case, the undersigned issued a report and recommendation on December 8, 2025, recommending that the Court grant the motion for summary judgment filed by two defendants in that case.

In the present action, Plaintiff alleges that he did not receive the defendants' motion for summary judgment until November 17, 2025; however, there was a two-week period between his receipt of defendants' motion for summary judgment and the issuance of the Court's report and recommendation during which Plaintiff could have either filed a response to the motion or filed a motion requesting an extension of time to respond to the motion. And, during that two-week period, on November 26, 2026, Plaintiff was able to file a "declaration" in that case. Under these circumstances, in the present action, Plaintiff has failed to allege sufficient facts to show that Defendant's action on September 2, 2025, resulted in any actual injury or lost remedy in the prior suit.

Accordingly, for these reasons, Plaintiff has failed to state a claim of First and Fourteenth Amendment interference with the right to access the courts against Defendant Grounn, and the Court will dismiss that claim.

### C. Claims Against Defendant Goodson

#### 1. First Amendment Mail Interference Claims & First Amendment and Fourteenth Amendment Right to Access the Courts Claims

Plaintiff alleges that Defendant Goodson is in charge of "operations," responsible for the individuals who pass out the legal mail, and "in charge of the legal mail machine." (Compl., ECF No. 1, PageID.5, 6.) Plaintiff also faults Defendant Goodson for not attempting to find Plaintiff's legal mail. (*Id.*, PageID.5.)

For the same reasons set forth above, Plaintiff fails to state a First Amendment mail interference claim regarding the one time interference with his access to his legal mail and Plaintiff fails to state a First Amendment and Fourteenth Amendment interference with the right to access the Court. *See supra* Sections B.1–2.

Furthermore, it appears that Plaintiff seeks to hold Defendant Goodson liable for the actions of Goodson's subordinates. However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee* [*v. Luttrell*], 199 F.3d [295,] 300 [(6th Cir. 1999)] (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, as discussed in the previous section, Plaintiff has failed to show that Defendant Goodson's alleged subordinate, Defendant Grounn, engaged in unconstitutional conduct. Moreover, Plaintiff does not allege that Defendant Goodson "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of Defendant Grounn or any other subordinates, to the extent any such unconstitutional conduct occurred. *See Peatross*, 818 F.3d at 242.

Accordingly, for these reasons, Plaintiff has failed to state a claim against Defendant Goodson, and the Court will dismiss Plaintiff's First Amendment interference with mail claim and his First and Fourteenth Amendment interference with the right to access the Court claim against Defendant Goodson.

**2. Fourteenth Amendment Procedural Due Process Clause Claim**

Plaintiff faults Defendant Goodson for failing to try to find Plaintiff's legal mail or at least offering to help after Plaintiff filed "Reference # 26.294.806." (Compl., ECF No. 1, PageID.5.) Plaintiff does not describe "Reference # 26.294.806," or whether this refers to a grievance. Even if the Court assumes that this refers to a grievance Plaintiff filed with Defendant Goodson, Plaintiff has not shown that Defendant Goodson's response, or lack thereof, violated the Fourteenth Amendment Procedural Due Process Clause.

Various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any response, or lack thereof, to Plaintiff's grievances did not deprive Plaintiff of due process. Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300.

Here, Plaintiff suggests that Defendant Goodson should have tried to help Plaintiff find his legal mail or at least offered to help after Plaintiff filed a grievance. (Compl., ECF No. 1, PageID.5.) But Defendant Goodson's alleged inaction after receiving Plaintiff's grievance is insufficient to impose § 1983 liability. *See Shehee*, 199 F.3d at 300.

Accordingly, Plaintiff's claims of violations of the Fourteenth Amendment Procedural Due Process Claim against Defendant Goodson will be dismissed for failure to state a claim.[4]

**D. First Amendment Retaliation Claims**

Plaintiff alleges that in 2019, he was sentenced after being convicted of assault for throwing urine on a correctional officer. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that as a result of that conviction, "deputies have treated [him] differently." The Court construes this allegation as raising a claim of retaliation under the First Amendment.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

---

[4] Plaintiff also asserts that Defendant Goodson violated the Sixth Amendment, Eighth Amendment, and Fourteenth Amendment Equal Protection Clause. (Compl., ECF No. 1, PageID.6.) Plaintiff provides no factual allegations to support those claims which could allow this Court to conduct a meaningful analysis of those claims. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss those claims for failure to state a claim.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (discussing that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)).

First, Plaintiff's allegation that he has been treated differently describes an event that occurred in 2019. Plaintiff does not specify when each instance of alleged different treatment occurred, but it is likely that many such instances occurred outside of the three-year statute of limitations for civil rights suits filed in Michigan under § 1983. *See* Mich. Comp. Laws § 00.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).

Plaintiff's First Amendment retaliation claim is also insufficient in several other respects. First, throwing urine on a correctional officer is not protected conduct, a necessary element of a retaliation claim. *See Thaddeus-X*, 175 F.3d at 394. Additionally, Plaintiff has not alleged any specific adverse action taken against him and instead alleges vaguely that "deputies have treated [him] differently[.]" (Compl., ECF No. 1, PageID.3.) Moreover, Plaintiff does not identify the "deputies" that have treated him differently, which is insufficient to state a claim against the named Defendants. *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("Summary

reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation.")

Accordingly, Plaintiff has failed to state a First Amendment retaliation claim, and the Court will dismiss that claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: August 13, 2026

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge